UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BOBBY MERCER,                                              Case No.
                   Plaintiff,

                                                       **COMPLAINT**

  -against-

                                                        JURY DEMAND

THE CITY OF NEW YORK, P.O. DEBORAH
LOWE [SHIELD # 27106], and JOHN
DOE AND JANE DOE #1-2 (the names
John and Jane Doe being fictitious, as the
true names are presently unknown),
                           Defendants.
------------------------------------------------------------------X

Plaintiff, BOBBY MERCER, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Deborah Lowe [Shield # 27106] and John Doe and Jane Doe #1-2 (collectively, "defendants"), respectfully alleges as follows:

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. At all relevant times, defendants P.O. Deborah Lowe [Shield # 27106], John Doe and Jane Doe #1-2 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiff is suing the defendant officers in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about May 9, 2013, at approximately 4:00 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of the NYPD-78th Precinct, which is located at 65 6th Avenue Brooklyn, New York, and charged plaintiff with PL 120.15 'Menacing in the third degree.'

10. Plaintiff, however, did not commit any crime or offense against the laws of New York City and/or State for which any arrest may be lawfully made.

11. Prior to the arrest, plaintiff had been contacted by defendant officers and was directed to appear at the precinct concerning a purported complaint which was allegedly filed against him by his ex wife on April 29, 2013.

12. Earlier on April 29, 2013, plaintiff had gone to the NYPD-78th precinct to file a complaint against his ex wife for harassment.

13. Upon observing the plaintiff at the precinct, plaintiff's ex wife who resides in Maryland but was visiting Brooklyn at the time ran into the precinct and falsely alleged that the plaintiff was in possession of a weapon.

14. Defendant officers immediately arrested the plaintiff and detained him at the precinct the same day -- April 29, 2013.

15. On April 29, 2013, after thoroughly searching the plaintiff on multiple occasions without finding any weapon, defendant officers promptly released the plaintiff and warned his ex wife to stay away from the plaintiff and to desist from filing any further false claims with the police.

16. On May 9, 2013, when the plaintiff surrendered himself at the precinct as he was directed, plaintiff duly reminded defendant officers that they thoroughly investigated and dismissed his ex wife's false claims on April 29, 2013, and thereafter requested defendant officers to desist from harassing him any further.

17. Upon requesting defendant officers to desist from harassing him, defendant officers immediately arrested and detained the plaintiff.

18. After detaining the plaintiff for a lengthy period of time at the NYPD-78th Precinct, plaintiff was transported to the Central Booking to await arraignment.

19. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

20. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff intentionally placed or attempted to place another person in fear of death, imminent serious physical injury or physical injury.

21. Based on the false testimony of the defendant officers, the prosecutors initiated criminal actions against the plaintiff.

22. Following an independent investigation, the prosecutors, observing that there was no history of violence between the plaintiff and his ex wife and that the plaintiff had never been arrested before, concluded that there was no evidence of any crime committed by the plaintiff.

23. As a result, the prosecutors declined to prosecute the plaintiff.

24. Eventually, after detaining the plaintiff for a lengthy period of time, defendant officers summarily released the plaintiff from his unlawful detention.

25. That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

26. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

27. As a result of the aforesaid actions by the defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

28. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 27 of this complaint as though fully set forth herein.

29. The conduct of defendant officers, as described herein, amounted to false arrest, abuse of authority, failure to intervene, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, pattern of harassment, conspiracy, fabrication of evidence, denial of freedom of speech, first amendment retaliation, denial of equal protection, discrimination and denial of due process rights.

30. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

31. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City of New York

32. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 31 of this complaint as though fully set forth herein.

33. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

34. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in they were involved in some crime or offense.

35. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

36. Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-78th Precinct concerning similar arrests and charges as those described herein.

37. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New

5

York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

38. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

39. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

40. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

42. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

43. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

44. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FOURTH CAUSE OF ACTION: OTHER NEW YORK TORTS

45. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 44 of this complaint as though fully set forth herein.

46. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, assault and battery, unlawful stop and frisk, unreasonable search and seizure, unreasonable detention, negligence, defamation, conspiracy, special injury, harassment, tortuous interference, abuse of power, fraud, trespass, negligent and intentional emotional distress and negligent hiring and retention of defendant officers.

47. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      May 2, 2014

                UGO UZOH, P.C.

                /s/

              _____

By:   Ugochukwu Uzoh (UU-9076)
       Attorney for the Plaintiff
       304 Livingston Street, Suite 2R
       Brooklyn, N.Y. 11217
       Tel. No: (718) 874-6045
       Fax No: (718) 576-2685
       Email: u.ugochukwu@yahoo.com